■ In the Matter of LAUGH & LEARN, INC., et al., Appellants, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [693 NYS2d 723] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered December 2, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner Hardy Warren is the president of petitioner Laugh & Learn, Inc. (hereinafter LLI), a corporation whose principal business is conducting classes for motor vehicle accident prevention and point and liability insurance reduction. In June 1996, Warren submitted an application on behalf of LLI to respondent Department of Motor Vehicles (hereinafter DMV) for approval as a sponsoring agency to administer a motor vehicle accident prevention course. In August 1997, DMV advised Warren that the application had been approved pending the submission of additional materials relating to minor changes to LLI's curriculum. Following DMV's acceptance of additional materials, final approval was granted. On April 1, 1998, however, DMV informed Warren that approval for the program was being withdrawn effective April 6, 1998.

Thereafter, Warren and LLI commenced this CPLR article 78 proceeding against respondents challenging DMV's determination. In lieu of an answer, respondents moved to dismiss the petition for failure to exhaust administrative remedies. In particular, respondents claimed that petitioners failed to appeal the withdrawal of approval to the DMV appeals board in accordance with 15 NYCRR 138.8. In opposition to the motion, petitioners argued that the exhaustion requirement was inapplicable because respondents failed to provide them with writ-

ten notice of their right to administrative review under Vehicle and Traffic Law article 3-A or 15 NYCRR part 155. Supreme Court granted the motion resulting in this appeal.

Initially, 15 NYCRR 138.8 (b) provides that "[a] denial or withdrawal of approval * * * may be appealed to the Appeals Board pursuant to article 3-A of the Vehicle and Traffic Law". Vehicle and Traffic Law § 263, the applicable provision within article 3-A, states, in pertinent part, that "[n]o determination of the commissioner or a member of [DMV] which is appealable under the provisions of this article shall be reviewed in any court unless an appeal has been filed and determined in accordance with this article". According to the plain language of the above provisions, the filing of an appeal before the DMV appeals board is a prerequisite to the commencement of a judicial proceeding challenging the withdrawal of approval. However, 15 NYCRR 155.7 provides that "[t]he requirement of filing an appeal from a determination of the commissioner with the appeals board before judicial review of such determination may be commenced shall apply *only if the appellant is provided with written notification as to the existence of article 3-A of the Vehicle and Traffic Law and this Part prior to or with the written notice of the determination of the commissioner*" (emphasis supplied). Thus, unless the aggrieved party has received written notification from DMV of the right to administrative review, that party is not required to exhaust administrative remedies prior to commencing a judicial proceeding.

We do not agree with Supreme Court's conclusion that petitioners' acknowledgment on the application that the approval procedure is governed by 15 NYCRR part 138 was sufficient notification of the right to administrative review. The preprinted application generally notified the applicant that the criteria utilized by DMV for evaluating motor vehicle accident prevention courses were contained in part 138 of the Commissioner's regulations. The acknowledgment signed by Warren merely stated that he has "read the foregoing and agree[s] to comply with part 138 of the Commissioner's Regulations". That acknowledgment, in our opinion, did not fulfill the requirements of 15 NYCRR 155.7 nor its reasonable intent. Significantly, no mention was made of the remedies available upon DMV's withdrawal of approval nor of administrative review before the DMV appeals board. In addition, the application failed to specifically refer to Vehicle and Traffic Law article 3-A or 15 NYCRR part 155. We also note that DMV's April 1, 1998 letter formally withdrawing approval could have rectified the notification issue but said nothing about available administra-

tive remedies. Inasmuch as DMV failed to give reasonable notice of the specific requirements of 15 NYCRR 155.7, petitioners' failure to exhaust administrative remedies is not a bar to the commencement of the instant CPLR article 78 proceeding. In view of our disposition, we need not address petitioners' remaining claims.

Mercure, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.